IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Ronnie Lynn Fowler, | ) | Civil Action No. 9:19-1592-RMG |
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| M. Travis Bragg, | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice. (Dkt. No. 16.) For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses the petition without prejudice.

I. **Background**

Petitioner Ronnie Fowler in an incarcerated person proceeding *pro se*. In 1992 in the Northern District of Texas, Mr. Fowler was convicted of five counts of robbery under the Hobbs Act, 18 U.S.C. § 1951, and three counts of using and carrying a firearm in relation to a crime of violence, under 18 U.S.C. § 924(c). Mr. Fowler was sentenced to 627 months' imprisonment, later reduced to 540 months and one day. He appealed the original sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed the district court's judgment. 20 F.2d 466, 1994 WL 121940 (5th Cir. 1994). He then petitioned to vacate or set aside the sentence under 28 U.S.C. § 2255, which the Texas district court denied. Nos. 4:92-cr-177-Y, 4:16-cv-596-Y (N.D. Tex.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where a petitioner has not objected, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Court finds that the Magistrate Judge properly concluded that the § 2241 petition should be dismissed without prejudice because the Court lacks jurisdiction. Mr. Fowler filed no objections to the R & R. "[I]t is well established that defendants convicted in federal court are obligated to seek habeas relief from their convictions and sentences through § 2255" rather than § 2241. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). A petitioner may nonetheless proceed under § 2241 if § 2255 is "inadequate or ineffective to test the legality of [his] detention." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2010). To demonstrate that a § 2255 petition would be inadequate or ineffective, the petitioner must establish:

> (1) at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3)

the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is *not one of constitutional law*.

*United States v. Wheeler*, 886 F.3d 415, 427 (4th Cir. 2018) (emphasis supplied) (citing *In re Jones*, 226 F.3d at 333-34).

Mr. Fowler petitions under § 2241 on the basis of the Fifth Circuit's opinion in *United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018), which holds that § 924(c)(3)(B) is unconstitutionally vague and now affirmed in part and vacated in part by the Supreme Court, 139 S. Ct. 2319 (2019). As the Magistrate Judge concluded, he cannot meet the third element of the *Wheeler* test to petition under § 2255 because the Supreme Court's holding in *Davis*, that the residual clause, § 924(c)(3)(B), is unconstitutional, is a rule of constitutional law. Instead, the appropriate avenue for the relief sought is for Mr. Fowler to seek to file a § 2255 petition before the district court that sentenced him, the Northern District of Texas, after he first seeks permission from the Fifth Circuit Court of Appeals to bring that successive § 2255 petition.

**IV.   Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 16) as the Order of the Court and **DISMISSES WITHOUT PREJUDICE** the petition brought under 28 U.S.C. § 2241 (Dkt. No. 1).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 7, 2019
Charleston, South Carolina